AGEE, Circuit Judge,
concurring:
I agree that we should affirm the district court’s judgment. However, I write separately to underscore that we need not and do not reach and decide one particular issue: whether the district court correctly determined the effective-absence-of-coverage issue.
To affirm the district court’s judgment on T-Mobile’s effective-prohibition claim, it is enough for us to say that there were reasonable alternative sites and efforts to secure permits for those sites would not have been fruitless. By going further, we “stray into the practice of advisory opinion-making, solving questions that do not actually require answering in order to resolve the matters before [us].” Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, 36 F.3d 8, 11 (4th Cir.1994). Yet “the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.” Flast v. Cohen, 392 U.S. 83, 96, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (quotation marks omitted).
Respectfully, then, I do not join Part IV.C.2 of Judge Niemeyer’s opinion or the portion of Part IV.C.l of his opinion that addresses the effective-absence-of-coverage issue. I conclude that these sections — which are not part of the opinion of the Court — offer an advisory opinion.*

 Even if those portions were part of the opinion of the Court, they would still be nothing more than non-binding dicta. See Pittston Co. v. United States, 199 F.3d 694, 703 (4th Cir. 1999) ("Dictum is [a] statement in a judicial opinion that could have been deleted without *202 seriously impairing the analytical foundations of the holding — that, being peripheral, may not have received the full and careful consideration of the court that uttered it." (quotation marks omitted)).